UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-1993-JFW (PJW) | Date | March 14, 2018 |
|---|---|---|---|

| Title | *James W. Smittick v. United States Post Office* |
|---|---|

| Present: The Honorable | Patrick J. Walsh, U.S. Magistrate Judge |
|---|---|

| Isabel Martinez | N/A | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:**   Order To Show Cause Why Action Should Not Be Dismissed

  Before the Court for screening is Plaintiff's Complaint against Defendant the United States Post Office, alleging what appear to be claims for intentional infliction of emotional distress and fraud. (Doc. No. 1.)[1] He alleges that employees at a post office in Boston, Massachusetts permitted Mr. Elkerenkotter, also known as "Reverend Ike," to take money from him through fraud and black magic. (Doc. No. 1 at 2.) He seeks monetary compensation.

  The Court is required to screen *pro se* complaints and dismiss claims that, among other things, are frivolous, malicious, or fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). Even when a plaintiff is not proceeding *in forma pauperis*, Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss a claim *sua sponte* and without notice "where the claimant cannot possibly win relief." *See Omar v. Sea–Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987). In evaluating whether Plaintiff has stated a claim, the Court accepts as true the factual allegations in the Complaint and views all inferences in a light most favorable to him. *See Hamilton v. Brown*, 630 F.3d 889, 892 (9th Cir. 2011). The Court does not, however, "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Because Plaintiff is proceeding *pro se*, the Court construes the Complaint liberally. *Barrett v. Belleque*, 544 F.3d 1060, 1061-62 (9th Cir. 2008) (per curiam).

  Regardless, unless a complaint presents a plausible assertion of a substantial federal right, a federal court does not have subject matter jurisdiction over a cause of action. *See Bell v. Hood*, 327 U.S. 678, 682 (1945); *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 89 (1998) (a federal court lacks subject matter jurisdiction to consider claims that are "so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy."). A complaint is frivolous if it lacks any arguable basis either in fact or law. *See Neitzke v. Williams,* 490 U.S. 319, 325 (1989). Even "a paid complaint that is 'obviously frivolous' does not confer subject matter jurisdiction." *Franklin v. Murphy*, 745 F.2d 1221, 1227 n. 6 (9th Cir. 1984); *Hagans v. Lavine*, 415 U.S. 528, 537–38 (1974) (a federal claim which is so insubstantial as to be patently without merit cannot serve as the basis for federal jurisdiction). Clearly baseless allegations include those that are "fanciful," "fantastic," or "delusional." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

---

  [1] Plaintiff paid the $400 filing fee on March 9, 2018.

Plaintiff alleges that in 1989 after hearing Reverend Ike on radio station 1580 KDAY, he sent him $15 to a post office box located in Boston, Massachusetts. He alleges that once Reverend Ike received his money "the ground starts moving in a bizarre and threatening manner so as to cause the ground to move until shadows turn into people" and that tarantulas, scorpions, snakes, and brown recluse spiders appear out of nowhere over 150,000 times. (Doc. No. 1 at 2.) Plaintiff claims that Reverend Ike "bites" him over 60 times with tarantulas and black widow spiders and made him homeless. (Doc. No. 1 at 2.) Plaintiff claims that he was forced to live with a Mexican or Pakistan lady named Gloria and her husband, who apparently contacted the Long Beach Police Department to steal his worker's compensation board medical records. He further claims that he has been stalked by 200 to 2000 people in Honda cars, that $25,000 in social security benefits was stolen from him, and that four employees at the Del Amo post office located in Torrance, California are trying to steal his retirement checks.[2] (Doc. No. 1 at 2.)

Sadly, these types of allegations are all too familiar to the Court. The Court does not accept them at face value and concludes that they are fantastic and delusional.[3] They do not confer subject matter jurisdiction on this Court. Further, while it does not appear that anything Plaintiff can say or do can cure the defects in his Complaint, recognizing that Plaintiff is proceeding *pro se*, the Court will allow him an opportunity to explain why the Complaint should not be dismissed with prejudice. Plaintiff has until **April 12, 2018**, to file his brief. Plaintiff is warned that failure to file on time may result in the case being dismissed for failure to prosecute pursuant to Federal Rules of Civil Procedure 41.

S:\PJW\Cases-Civil Rights\SMITTICK 18-1993\MO_OSC .wpd

|   |   : | 00 |
|---|---|---|
|   | Initials of Preparer | im |

---

[2] To the extent that Plaintiff is complaining that postal employees are trying to steal his retirement checks, he should report this to the United States Postal Inspection Service.

[3] *See Ayres v. Obama*, 2013 WL 5754953, at *2 (D. Hawaii Oct. 22, 2013) (allegations that FBI implanted biochips in plaintiff to turn him into "a living vegetable or a New World Order slave" were "so 'fantastic' and 'fanciful' as to be clearly baseless"); *Bivolarevic v. U.S. CIA*, 2010 WL 890147, at *1–2 (N.D. Cal. Mar. 8, 2010) (court lacked jurisdiction over claims that CIA subjected plaintiff to "voice to skull technology" as a "mind control weapon").